IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DEONDRAY DANIEL MADDOX,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:19cv00872 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD CLARKE, et al.,** | ) | By: Michael F. Urbanski |
| Defendants. | ) | Chief United States District Judge |
| | ) | |

Plaintiff Deondray Daniel Maddox, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] By conditional filing order entered July 27, 2020, the court assessed a filing fee and directed plaintiff to submit certain financial documentation within twenty days. See ECF No. 2. The court advised plaintiff that failure to return the required paperwork would result in dismissal of this action without prejudice. Id. More than twenty days have elapsed and Maddox has not responded to the court's order. Accordingly, the court will dismiss Maddox's complaint without prejudice. Maddox is advised that the claims raised in this action may be refiled in a separate action, subject to the applicable statute of limitations.

**ENTER**: This 31st day of August, 2020.

Michael F. Urbanski
Chief U.S. District Judge
2020.08.31 11:58:49 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

[1] The court notes that other inmate plaintiffs are listed in the caption of the complaint; however, only Maddox has signed the complaint. To the extent he is trying to bring suit on behalf of these other inmates, the court will consider and deny a motion for certification of a class action. It is inappropriate to certify a class in an action where a pro se litigant seeks to represent the interests of the class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). "A prisoner cannot act as a 'knight-errant' for other prisoners," and because none of the other "plaintiffs" have signed the complaint, none of them can proceed as a plaintiff in this action. see Scott v. Sanford, No. 8:06-3484-MBS-BHH, 2017 U.S. Dist. LEXIS 222453, at *7 (D.S.C. Jan. 4, 2017) (citing Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981); see e.g., Ratcliffe, et al. v. Clarke, et al., 7:20cv333 (W.D. Va. Jun. 15, 2020).